Tühley, J.
delivered the opinion of the court.
This is an action of slander brought in the circuit court .of Weakley county, by the defendant in error, Thos. H. Phillips, against the plaintiff in error, George R. Steele. *462 The words charged to have been spoken by the defendant in the court below, as set forth in the first count, are as follows: “Thomas H. Phillips has sworn a lie in filing some bills in the chancery court, and there are the bills to show for themselves,” inuendo, &c., the declaration explaining and applying the words properly. In the second count, the words are charged as follows: “Thomas H. Phillips has sworn to a lie in filing some bills in the chancery court, and the bills are in the clerk’s office at Dresden, and can be seen at any lime,” inuendo, as above.
The defendant pleaded a special plea of justification, in which he makes two specifications of perjury which he alleges was committed by the plaintiff in swearing to the bills filed in the chancery court at Dresden. Upon this plea there was issue, which was found for the plaintiff. The first specification is made with sufficient certainty, and proof was heard upon it by the circuit judge; and it was found against the plea. The second specification is in the words following: “and the said defendant further avers, that said plaintiff, in swearing to a bill of complaint by said plaintiff and his wife, Elizabeth, in the chancery court at Dresden, Tenn., against Samuel Steele, executor of the estate of John Steele, deceased, swore falsely, by stating, among other things stated in said bilb that the estate of the said John Steele owed no debts, when said plaintiff knew well at the time he took said oath, in swearing to said bills, that said estate of said John Steele was indebted; which said fact was material to obtaining an injunction, and would be material upon the hearing of said cause.” Upon this specification, the circuit judge refused to hear proof; and we think correctly. The specification is too vague and uncertain to *463 form an issue upon. The law requires as great nicety in assigning a perjury in a plea of justification to an action of slander, as it does in a bill of indictment. No man would be put upon his trial upon a bill of indictment as loosely framed as is the assignment of perjury in the plea of justification.
The, plaintiff having taken issue upon the plea does not vary the case; there is, we have seen, two special assignments of perjury in the plea, the finding of either of which, provided they had been both well made, would have justified the defendant in speaking the words for which he was sued; but, the first is made with sufficient certainty, and is good in law; the second is so vague and uncertain as to be a nullity, and was properly considered by the court as constituting no part of the plea, which was a good plea, so far as the first assignment of perjury was concerned, without regard to the second assignment; it was therefore properly rejected, and proof properly refused under it.
There is then no error in the record, and the judgment will be affirmed.